

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-21-2007

# Thomas v. Miner

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1854

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Thomas v. Miner" (2007). *2007 Decisions.* Paper 560.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/560

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-328                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-1854
_____

FRANKIE DEAN THOMAS,

Appellant

v.

JONATHAN C. MINER, Warden; UNITED STATES MARSHALS
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 07-cv-00422)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted For a Decision on the Issuance of a Certificate of Appealability or for Possible
Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
July 26, 2007

Before: RENDELL, SMITH AND JORDAN, CIRCUIT JUDGES

(Filed: August 21, 2007)

_____

OPINION
_____

PER CURIAM

    Frankie Thomas, a federal prisoner, appeals pro se from the District Court's order

denying his petition for a writ of habeas corpus, which he had purported to file under 28 U.S.C. § 2241 instead of § 2255. The District Court's order denying relief was based in part on the merits of what it construed as a § 2241 claim. Because we conclude that Thomas's petition must be construed as an unauthorized second or successive § 2255 petition, we will summarily vacate the District Court's order and direct the District Court to enter an order dismissing Thomas's petition for lack of jurisdiction.[1]

Thomas began serving a 322-month sentence for bank robbery and a related crime in 1997. Since then, he has filed at least six § 2255 motions, at least two putative § 2241 petitions, and a series of applications with this Court under § 2244 seeking an order authorizing the District Court to consider additional § 2255 motions. Each of these filings has been denied.

Thomas purported to file the petition at issue here, which again challenges the legality of his conviction and sentence, under § 2241. Federal prisoners, however, generally may bring such challenges only under § 2255, which means that they must satisfy the gate-keeping requirements of that section and § 2244 before filing a second or successive § 2255 motion. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). There is a limited exception allowing federal prisoners to proceed under § 2241 if a motion under § 2255 would be "inadequate or ineffective" to protect the prisoner's

---

[1]A certificate of appealability is not required to appeal the denial of a § 2241 petition, which is how the District Court appears to have construed Thomas's petition. See United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000).

rights.  Cradle v. United States, 290 F.3d 536, 538-39 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).  In Dorsainvil, for example, we allowed a prisoner to proceed under § 2241 when, after his first § 2255 petition had been denied, the Supreme Court ruled that conduct of the kind in which he had been found to engage was not criminalized by the statute under which he had been convicted.  See id. at 252.  In addition, federal prisoners may proceed under § 2241 when their challenge is directed to the execution, as opposed to the validity, of their sentence.  See, e.g., United States v. Eakman, 378 F.3d 294, 297 (3d Cir. 2004).

None of Thomas's claims here qualifies under either approach.  Thomas claims that his conviction is void because, in 1997, the return on his judgment of conviction was signed by a Lieutenant instead of a United States Marshal.  He also claims that the District Court's imposition of consecutive terms of imprisonment was unlawful, and appears to argue that his indictment and conviction are void because the government did not offer evidence that he was an "enemy combatant," which he contends is a prerequisite to the application of the Antiterrorism and Effective Death Penalty Act of 1996.

These claims neither fit within the narrow Dorsainvil exception nor challenge the execution of Thomas's sentence.  Thus, the District Court should have construed Thomas's petition as an unauthorized second or successive § 2255 motion over which it lacked jurisdiction.  See Okereke, 307 F.3d at 120-21.  The District Court did note that one of Thomas's claims could be brought only under § 2255, but denied his others on the

3

merits.  Accordingly, we will vacate the District Court's order and remand with an instruction to enter an order dismissing his petition for lack of jurisdiction.